# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL PUGLIESE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1189-JDT-cgc |
| | ) | |
| TONY PARKER, ET AL., | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On September 7, 2018, Plaintiff Daniel Pugliese, who is incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Middle District of Tennessee. (ECF No. 1.) After Pugliese filed the required financial information, (ECF Nos. 4 & 5), U.S. District Judge William J. Campbell issued an order on September 27, 2018, granting leave to proceed *in forma pauperis*, assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), and transferring Pugliese's compliant to this district. (ECF No. 6.) On October 19, 2018, Pugliese filed an amended complaint, which appears to supplement, rather than supersede, his original complaint. (ECF No. 10.) The Clerk shall record the Defendants as Tony Parker, Tennessee Department of Correction (TDOC) Commissioner; Dr. First Name Unknown (FNU) Conway; Centurion Medical Corporation; Christi Gregory, Medical Director; and the NWCX.

Pugliese alleges that Commissioner Parker has, on several occasions, refused his request to be housed at "DSNF hospital unit" for his "severe muscle loss, deformed knees, partial blindness," and other medical issues.[1] (ECF No. 1 at PageID 1.) He alleges that Defendant Parker "should have housed me at DSNF, long ago." (*Id.* at PageID 1-2.) Pugliese asserts that he is instead still at the NWCX, where Defendant Gregory refuses him "medical help," including "[E]nsure for muscle loss," "a wheelchair," "vitamins," "help for muscle loss," and medication for his "anemic condition" and for glaucoma. (*Id.* at PageID 2.) Pugliese insists Defendant Gregory refuses him treatment and medication because Pugliese is a "mental patient" and "medical hates mental patients." (*Id.*) Pugliese alleges that Centurion and Dr. Conway also "refuse to get me help for these issues, and they were notified many times[] about it." (*Id.*)

In his amended complaint, Pugliese names only the NWCX as a Defendant and alleges that on October 6, 2018, he made a medical complaint about pain in his left shoulder, right bicep, and right hip. (ECF No. 10 at PageID 6-7.) He alleges that "the medical staff" is inadequate and incorrectly told him nothing was wrong. (*Id.* at PageID 7.)

Pugliese asserts his claims against the Defendants in their official and individual capacities. (ECF No. 1 at PageID 2.) He seeks $10 million in damages and requests that the Defendants be fired from their positions. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] The "DSNF hospital unit" is the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee. *See* https://www.tn.gov/correction/sp/state-prison-list/lois-m-deberry-special-needs-facility.html ("The Lois M. DeBerry Special Needs Facility (DSNF) provides a number of services for the [TDOC] to offenders with multiple and complex medical problems . . . .").

(2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Pugliese filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Pugliese's claims against the NWCX, and against Defendants Parker and Gregory in their official capacities, are construed as against the TDOC. Claims against the TDOC are, in turn, treated as claims against the State of Tennessee. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71. Pugliese

therefore fails to state a claim against the NWCX or against Defendants Parker and Gregory in their official capacities.

Pugliese's official capacity claim against Dr. Conway is construed as against Centurion Medical Corp., which appears to employ Dr. Conway.[2] "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against Centurion, Pugliese "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Pugliese, however, does not allege that a policy or custom of Centurion was the "moving force" behind the alleged violation of his constitutional rights. He therefore fails to state a claim against Centurion or Dr. Conway in his official capacity.

The Court reviews Pugliese's claims that the Defendants have denied him medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." However, not "every claim

---

[2] Pugliese does not make clear in his complaint whether Dr. Conway works for Centurion or TDOC. If Dr. Conway in fact works for TDOC, then Pugliese's official capacity claim against him would fail for the reasons discussed in the preceding paragraph.

5

by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of an Eighth Amendment claim based on a lack of medical care requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an

inmate's health or safety and disregards that risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not amount to cruel and unusual punishment. *Id.* at 838.

Pugliese does not state an Eighth Amendment claim against any Defendant. Pugliese asserts that Defendant Parker has refused to house Pugliese at the DSNF in Nashville, but he does not allege that his medical conditions require that he be housed there or that his current treatment at NWCX is objectively inadequate or is causing him serious harm. He alleges only that Parker "should have housed me" at the DSNF. Even had Pugliese alleged an objectively serious risk to his health without the transfer, he does not allege that Parker subjectively is aware of an excessive risk to Pugliese's health or safety from his treatment at NWCX yet has deliberately refused to transfer Pugliese to the DSNF.

Pugliese does not, in fact, allege how Parker, the TDOC Commissioner, is even aware of Pugliese's medical conditions. If Pugliese relies solely on the fact that he filed a grievance which Parker ultimately denied, that action alone is not enough to support § 1983 liability. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates but fails to act generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). Furthermore, a failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation.").

Nor does Pugliese state a claim against Defendant Gregory. Pugliese's allegation that Defendant Gregory refused him medication for anemia and glaucoma likely satisfies the objective component. *See Gunther v. Castineta*, 561 F. App'x 497, 500 (6th Cir. 2014) (clarifying that "a medical need is serious if the average person would surely deem it to be one that required professional treatment"). Pugliese, however, fails to allege that Gregory is aware of Pugliese's health conditions and deliberately refused him medical treatment. Pugliese's only allegation in this regard is his unsupported statement that Gregory refused Pugliese treatment because he is "a mental patient" and "medical hates mental patients." (ECF No. 1 at PageID 2.) That conclusory allegation, however, is "not entitled to the assumption of truth," *Iqbal*, 556 U.S. at 679, and therefore does satisfy the subjective component.

Pugliese alleges that Dr. Conway "refuse[d] to get me help for these issues," referring to the list of ailments that Defendant Gregory allegedly failed to treat. (ECF No. 1 at PageID 2.) As noted, the issues he refers to likely are objectively serious. However, Pugliese's lone allegation

8

that Dr. Conway refused to get him help is too general and vague to sufficiently state a claim that Dr. Conway should be held responsible for the alleged lack of treatment. Pugliese does not state what Dr. Conway specifically did, or failed to do, that allegedly constitutes deliberate indifference to his medical needs. *See Estelle*, 429 U.S. at 106 ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to his serious medical needs."). He therefore fails to state a claim against Dr. Conway.

In his amended complaint, Pugliese lists several injuries he suffered for which he has not received treatment. Pugliese directs these allegations at "the medical staff" without specifying any named Defendant who failed to treat him. That general allegation also does not state a claim. *See Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of inmate's § 1983 complaint alleging denial of medical care against Defendants identified "only collectively as 'medical staff'").

For the foregoing reasons, Pugliese's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Pugliese should be given an opportunity to amend his complaint.

9

In conclusion, Pugliese's complaint is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one days after the date of this order.

Pugliese is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Pugliese fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE